IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JASON B. LAMB**, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-01285-P-BP |
| **CARIST L. WASHINGTON**, *et al.*, | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is an action seeking injunctive relief connected to an ongoing state court proceeding. *See* ECF Nos. 1, 12, 35. Plaintiffs Jason and Amanda Lamb sued Defendants alleging federal law violations arising from the state court litigation, which concerns custody of Mr. Lamb's minor children. ECF No. 1 at 5. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this action **WITHOUT PREJUDICE**.

### I.    BACKGROUND

Plaintiffs Jason Bradley Lamb, his wife, and his two minor children (collectively "the Lambs") seek a warrant under state law to take possession of the two children from their biological mother, Carist Washington ("Washington"). ECF No. 12. Washington received custody of the children in December 2018. *Id.* In December 2020, the Lambs sued Washington and thirty-four other defendants, seeking injunctive relief and alleging violations of their state and federal constitutional rights. ECF No. 1. The state court proceeding was pending when the Lambs filed suit and remains pending today.

The Lambs' Complaint asked the Court to "immediately remove the two minor children

involved from the mother's custody . . . as wrongfully ordered by Tarrant County." ECF No. 1 at 6. In addition to the request for injunctive relief, the Complaint referenced damages that have arisen out of the underlying custody dispute. *Id.* The Lambs repeated their request for injunctive relief in two separate pleadings. ECF Nos. 12, 35. In particular, they urge the Court to "[d]irect law enforcement officers to take physical custody of the two minor children . . . immediately" and order their placement "in the primary care of [the Lambs] pending final relief." ECF No. 12 at 20. On March 25, the Court issued a Show Cause Order asking the Lambs to clarify grounds for the Court's subject matter jurisdiction. ECF No. 16. As stated in the Order, "[i]t does not appear that the Court has jurisdiction to grant relief from a child custody order that is at issue in the underlying state court litigation." ECF No. 16 at 3. It did not appear so then, and it does not appear so now, despite the Lambs' response to that Order. *See* ECF No. 17. Accordingly, the undersigned recommends dismissal of this action on two grounds: (1) the Court lacks subject matter jurisdiction over the claim; and (2) abstention under the *Younger* doctrine is proper.

## II.   LEGAL STANDARDS

Because Plaintiffs are proceeding *in forma pauperis*, the complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Courts ordinarily look to the face of the well pleaded complaint to determine the legal architecture of claims before them: the complaint must plead "enough facts to state a claim to relief

that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts have wider interpretive latitude with the pleadings of *pro se* parties. "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Absent jurisdiction conferred by statute or the Constitution, federal district courts lack power to adjudicate claims and must dismiss actions where subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Even when subject matter jurisdiction is uncontested, federal courts should abstain from hearing certain types of cases. Federal courts generally are obliged to decide cases within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (2013)) (internal quotation marks omitted). Like subject matter jurisdiction, federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may raise the issue *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir. 1999).

### III. ANALYSIS

#### A. The Court lacks subject matter jurisdiction over this case.

Federal courts cannot proceed to a case's merits without subject matter jurisdiction, which is established when a complaint contains the minimum facts necessary to make its allegations plausible. The Court's Show Cause Order requested factual bases for the Lambs' federal claims and informed them that, absent such factual bases, their case risked dismissal for lack of subject matter jurisdiction. ECF No. 16. The required factual showing is minimal and is not intended to be burdensome for plaintiffs seeking recourse in federal court. Rather, the plausibility threshold exists to prevent litigants from raising claims entirely unsupported by facts or suing for hypothetical grievances. The bar is even lower for *pro se* plaintiffs. "Simply put, in order for Plaintiff's *pro se* suit to survive in the District Court under federal question jurisdiction, allegations asserting a federal cause of action must appear on the pages of Plaintiff's complaint." *Jones v. Gonzales*, No. MO-12-cv-00005, 2013 WL 12130358, at *3 (W.D. Tex. Feb. 28, 2013), *rec. adopted*, No. MO-12-cv-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013). Such factually supported allegations are absent from the Complaint, meaning there was no federal question jurisdiction under 28 U.S.C. § 1331 when the Lambs filed this suit. *See* ECF No. 1 at 5. However, the Court's Show Cause Order gave them the opportunity to supplement the Complaint's inadequate allegations.

The Lambs' response failed to add facts to support their legal claims. Their response merely reiterated the Complaint's allegations, stating that Defendants "were not out to protect [Lamb's] children." ECF No. 17 at 2–3. In addition, the response alleged that Defendants "concealed collateral statements and exculpatory evidence" and "killed the criminal investigation" related to

5

the Lambs' accusations of sexual impropriety in Washington's household. *Id.* However, those accusations were conclusory and unaccompanied by factual support. *See* ECF No. 17 at 2–10.

Most of the allegations in the Lambs' pleadings concern matters of state law, and the federal claims they attempt to raise lack factual support. In the absence of basic factual grounds for the federal claims, the Court is left with "conclusory statements" insufficient for subject matter jurisdiction. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For instance, subpoint (4) of the Lambs' response to the Show Cause Order lists no less than fifteen different causes of action, running the gamut from denials of substantive and procedural due process to ineffective assistance of counsel, obstruction of justice, intentional infliction of emotional distress, and breach of fiduciary duty. ECF No. 17 at 4. However, merely stating that a cause of action exists, without any factual support, is a threadbare recitation. No matter how lenient the Court may wish to be with respect to *pro se* pleadings, it cannot manufacture subject matter jurisdiction where the pleadings are devoid of facts to support the causes of action alleged.

Because the Lambs did not plead "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged," their claims lack the requisite facial plausibility for the Court to entertain them further. *See Iqbal*, 556 U.S. at 678. Although the pleadings do not explicitly invoke 42 U.S.C. § 1983, the Court can infer a § 1983 claim from the emphasis on "continual and blatant" violations of the Lambs' constitutional rights by "the Tarrant County Family Court and other defendants." ECF No. 35. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014). However, the § 1983 claim is meritless without minimal factual assertions such that its allegations seem plausible. Accordingly, Judge Pittman should dismiss this case without prejudice for lack of subject matter jurisdiction. *Mitchell v. Bailey*, 982 F.3d 937 (5th Cir. 2020) (dismissals for lack of subject matter jurisdiction are without prejudice).

### B. The Court should abstain from considering the Lambs' claims.

Even if the Lambs had stated sufficient facts to invoke the Court's subject matter jurisdiction, the Complaint should be dismissed. The Lambs' case implicates the third "exceptional circumstance" when *Younger* abstention is proper: "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 72. Federal courts consistently abstain from ruling on cases that are inextricably connected to the important state interest of child custody. *See, e.g.*, *Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, No. 3:18-cv-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated a Texas child support and custody order); *Machetta v. Moren*, No. 4:16-cv-2377, 2017 WL 2805192 (S.D. Tex. Apr. 13, 2017), *rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017) (abstaining under *Younger* from ruling on father's challenge to judicial procedures used in custody case under facts virtually identical to the present matter); *Karl v. Cifuentes*, No. 15-cv-2542, 2015 WL 4940613, at *4 (E.D. Pa. Aug. 13, 2015) ("Custody cases are particularly appropriate for *Younger* abstention.").

When applicable, *Younger* requires abstention when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these conditions are met, the Court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982).

The Court should abstain here because all three conditions are met. Continuation of this case would interfere with ongoing state court proceedings because the very relief the Lambs request interferes with the state's custody decree. *See* ECF Nos.1 at 6; 12 at 19–20; 35 at 5. The pendency of an action in state court is not, by itself, reason for a federal court to decline to exercise otherwise valid jurisdiction. *Sprint*, 571 U.S. at 73. However, because the relief the Lambs request necessarily requires intervention in the state proceeding, exercising federal jurisdiction in this matter would effectively hijack the proceeding from the state court. As for the second condition, the regulation of child custody is an important state interest. *Marlett*, 2018 WL 5723163, at *3 (citing *Paprock v. Brown*, No. A-15-cv-1073-LY, 2015 WL 12734166, at *2 (W.D. Tex. Dec. 7, 2015), *rec. adopted in part*, 2016 WL 6635745 (W.D. Tex. Mar. 14, 2016)). The pending state court actions, and the right to appeal adverse judgments to the applicable state appellate court, afford the Lambs an adequate opportunity to litigate their claims. *See Middlesex Cty.*, 457 U.S. at 435; *Paprock*, 2015 WL 12734166, at *2 (dismissing a similar case under *Younger* and *Middlesex County*). While the Lambs makes serious accusations regarding Washington's noncompliance with visitation orders, they should take up enforcement issues with the state court that issued the initial decree, not a federal court unrelated to the proceeding.

The applicability of *Younger* is not absolute. The Fifth Circuit has identified three exceptions where the doctrine, though otherwise applicable, should not be invoked: (1) cases involving bad faith or harassment; (2) litigation concerning a flagrantly unconstitutional statute; and (3) instances where the doctrine's application was waived. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Because none of those exceptions applies here, the Court should abstain under *Younger* and dismiss this case without prejudice. *Salas v. Waybourn*, No. 4:19-cv-236-O, 2019 WL 6717095 (N.D. Tex. Dec. 10, 2019) (*Younger* dismissals are without prejudice).

## IV.     CONCLUSION

The Court should dismiss this case without prejudice for lack of subject matter jurisdiction and because the facts call for abstention under the *Younger* doctrine. For these reasons, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this action **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Objections must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on August 17, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE