IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON B. LAMB et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01285-P |
| | § | |
| CARIST L. WASHINGTON et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case on August 17, 2021. ECF No. 36. Fourteen days later, Plaintiff filed a notice of interlocutory appeal. ECF No. 37; *see also* ECF No. 39 (filing an amended notice of interlocutory appeal).[1]

When a party fails to file written objections to the FCR within fourteen (14) days of being served with a copy of the FCR, the Court reviews the Memorandum and Recommendation for plain error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). When a party does file written objections to the FCR, however, a *de novo* review is required. *See* 28 U.S.C. § 636(b)(1) ("A judge of the

---

[1] Although Plaintiff filed a notice of interlocutory appeal from the United States Magistrate Judge's report and recommendation, the report and recommendation is not a final order and does not fall into any of the other categories that would make it appealable. *See, e.g.*, *Gibson v. Davis*, 790 F. App'x 11 (5th Cir. 2020); *United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998) ("[T]he recommendation of a magistrate judge is not a final decision and does not in any way dispose of a party's claims."). Accordingly, the District Court retains jurisdiction to review the Magistrate's FCR.

court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Here, the Plaintiff failed to file written objections to the FCR. Instead, the Plaintiff filed a notice of interlocutory appeal. The Court nonetheless construed Plaintiff's Amended Notice of Interlocutory Appeal (ECF No. 39), as a timely objection to the FCR. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). Although Plaintiff's objection merely summarizes the original complaint and motion to establish jurisdiction, the District Judge conducted a *de novo* review of the purported objections in accordance with 28 U.S.C. § 636(b)(1).

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 36), the Court concludes that the Plaintiff's objections are without merit. Therefore, the undersigned District Judge believes that the Findings and Conclusions of the Magistrate are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED** on this **8th day of September, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE